[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wells Fargo Bank, Natl. Assn. v. Doberdruk*, Slip Opinion No. 2026-Ohio-2674.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2674

WELLS FARGO BANK, NATIONAL ASSOCIATION, APPELLEE, *v.* DOBERDRUK, APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wells Fargo Bank, Natl. Assn. v. Doberdruk*, Slip Opinion No. 2026-Ohio-2674.]**

*Civil law—Foreclosure sales—After the proceeds of a foreclosure sale are distributed, a common pleas court may grant relief to a party appealing the judgment of foreclosure by ordering restitution under R.C. 2329.45— Because restitution under R.C. 2329.45 remains a controversy redressable through appeal, a foreclosure appeal is not moot when the foreclosed party fails to obtain a stay of judgment—Court of appeals' judgment reversed and cause remanded.*

(Nos. 2024-1669 and 2025-0071—Submitted December 9, 2025—Decided July 15, 2026.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 113637, 2024-Ohio-5007.

_____

HAWKINS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, and SHANAHAN, JJ., joined.

**HAWKINS, J.**

{¶ 1} This consolidated jurisdictional appeal and certified-conflict case asks this court to determine whether an appellant's pending appeal of a judgment of foreclosure is moot when a stay of the foreclosure proceedings is not obtained and the proceeds of the sale of the foreclosed property have been distributed. We conclude that after the proceeds of a foreclosure sale are distributed, a common pleas court may grant relief to a party appealing the judgment of foreclosure by ordering restitution under R.C. 2329.45. Because restitution under R.C. 2329.45 remains a controversy redressable through appeal, we reverse the Eighth District Court of Appeals' judgment dismissing the appeal at issue in this case and remand this matter to that court for it to address the merits of the appeal.

## I. BACKGROUND

{¶ 2} Appellee, Wells Fargo Bank, National Association, filed a complaint for foreclosure in December 2022 alleging that appellant, Grace Doberdruk, was in default on a promissory note secured by a mortgage for the purchase of real property in the principal amount of $449,905 plus interest and associated costs and expenses. Doberdruk filed an answer and asserted counterclaims against Wells Fargo, and the parties filed cross-motions for summary judgment. On January 11, 2024, the trial court denied Doberdruk's motion for summary judgment, granted Wells Fargo's motion for summary judgment, and entered a judgment of foreclosure. A praecipe for order of sale was entered later that month, and the order of sale with appraisal was issued to the Cuyahoga County sheriff on February 7, 2024. On February 12, Doberdruk appealed the judgment of foreclosure to the

Eighth District. The trial court denied Doberdruk's motion to stay the sheriff's sale pending appeal.

{¶ 3} The sheriff's sale moved forward, and while Doberdruk's appeal was pending, the property was sold to a third party at a public auction on May 6, 2024. Doberdruk moved the trial court to stay the confirmation of sale, distribution of sale proceeds, and recording of the deed. The trial court determined it would grant a stay of the foreclosure proceedings if Doberdruk posted a supersedeas bond of $472,905 within 21 days.

{¶ 4} Doberdruk did not post the supersedeas bond. On July 2, 2024, the trial court confirmed the sale of the property and ordered the sheriff to execute and deliver a deed to the third-party purchaser. The trial court denied Doberdruk's motion to set aside the sale and objection to confirmation of sale, motion to vacate the sale under Civ.R. 60(B), and emergency motion to stay the distribution of sale proceeds. Doberdruk filed a notice of appeal from the trial court's judgment confirming the sale and the judgment that denied her motion to set aside sale and objection to the confirmation of sale. She moved the Eighth District to stay the distribution of sale proceeds and recording of the deed pending appeal, but that motion was denied. She also filed an emergency motion for stay and motion to remand, but that motion was also denied by the Eighth District.

{¶ 5} Because Doberdruk had failed to obtain a stay of the foreclosure proceedings, the property had been sold, and the proceeds from that sale were set to be distributed, the Eighth District sua sponte ordered the parties to brief the issue whether Doberdruk's appeal was moot. Wells Fargo argued that the appeal was moot under Eighth District precedent because the restitution remedy provided in R.C. 2329.45 applies only when the appealing party obtains a stay. Doberdruk contended that her appeal was not moot, arguing that she had pursued a stay, no voluntary satisfaction of the judgment had occurred, and restitution still would be

available as a remedy under R.C. 2329.45 should she prevail in her challenge to the judgment of foreclosure.

{¶ 6} The Eighth District agreed with Wells Fargo. *See* 2024-Ohio-5007, ¶ 15 (8th Dist.). The court acknowledged that other courts of appeals had determined that R.C. 2329.45 preserved an appeal in similar circumstances to Doberdruk's, but it followed its own precedent to conclude that Doberdruk's appeal was moot. *Id.* at ¶ 14-15. The Eighth District noted its precedent holding that R.C. 2329.45 applies to appeals taken from the judgment confirming the sale, not from the judgment of foreclosure. *Id.* at ¶ 12, citing *Blisswood Village Home Owners Assn. v. Euclid Community Reinvestment, L.L.C.*, 2018-Ohio-1091, ¶ 17 (8th Dist.). Even if R.C. 2329.45 applied to an appeal from a judgment of foreclosure, the Eighth District previously held that the statute would apply only when the appealing party *obtained* a stay of the distribution of sale proceeds. *Id.* at ¶ 13, citing *Provident Funding Assns., L.P. v. Turner*, 2014-Ohio-2529, ¶ 6 (8th Dist.). The Eighth District concluded that Doberdruk's appeal was moot because she failed to post the supersedeas bond and obtain a stay, the sale of the property was confirmed, and the proceeds of the sale were distributed. *Id.* at ¶ 15. The Eighth District therefore dismissed the appeal. *Id.*

{¶ 7} On Doberdruk's motion, the Eighth District certified a conflict between its judgment and the judgments in *Chase Manhattan Mtge. Corp. v. Locker*, 2003-Ohio-6665 (2d Dist.), *MIF Realty, L.P. v. K.E.J. Corp.*, 1995 WL 311365 (6th Dist. May 19, 1995), and *U.S. Bank Natl. Assn. v. Mobile Assocs. Natl. Network Sys., Inc.*, 2011-Ohio-5284 (10th Dist.). Doberdruk notified this court of the certified conflict, and we agreed that a conflict exists, 2025-Ohio-598. We ordered the parties to brief the following certified-conflict question: "Is an appeal of the judgment of foreclosure moot after the distribution of sale proceeds when an appellant filed a motion requesting a stay but could not post the bond or is the appeal

4

not moot because R.C. 2329.45 provides the appellant with the remedy of restitution?" *Id.*

{¶ 8} Doberdruk also sought a discretionary appeal, and we accepted jurisdiction over two propositions of law:

> Proposition of Law No. 1: An appeal from the judgment of foreclosure is not moot when the proceeds of sale have been distributed because R.C. 2329.45 provides the remedy of restitution.
>
> Proposition of Law No. 2: If a homeowner files a motion to stay the distribution of proceeds then there is no voluntary satisfaction of the judgment and the appeal is not moot.

*See id.* We consolidated the discretionary appeal with the certified-conflict case. *Id.*

## II. LAW AND ANALYSIS

{¶ 9} A court is limited to deciding "actual controversies by a judgment which can be carried into effect" in the case before it. *Mills v. Green*, 159 U.S. 651, 653 (1895). When the issues presented in a case are no longer in controversy or "the parties lack a legally cognizable interest in the outcome," a case becomes moot and the court should no longer proceed to judgment. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also State ex rel. Cincinnati Enquirer v. Baker Ross*, 2026-Ohio-510, ¶ 18.

{¶ 10} Following this general rule, when an appeal is pending and "'an event occurs which renders it impossible'" for the appellate court to grant "'effectual relief'" to a prevailing party, the litigation is moot and the court must dismiss the appeal. *Miner v. Witt*, 82 Ohio St. 237, 239 (1910), quoting *Mills* at 653; *see also Maurent v. Spatny*, 2025-Ohio-5002, ¶ 2 ("An appeal is moot when a favorable judgment will not secure effective relief for the prevailing party.").

**{¶ 11}** In this case, we are asked to determine whether an appellant's appeal of a judgment of foreclosure is rendered moot when the appellant fails to obtain a stay of the foreclosure proceedings and the proceeds of the sale of the foreclosed property have been distributed or whether the potential for restitution under R.C. 2329.45 retains a live issue that is subject to appellate review.

## A. Appeals in foreclosure actions

**{¶ 12}** Two final judgments are appealable in a foreclosure action: the judgment of foreclosure and the confirmation of sale. *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 18, citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39. A party may appeal the judgment of foreclosure, which is a judgment that determines "the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Id.*, citing *Roznowski* at ¶ 39 and R.C. 2323.07. A party who appeals the judgment of foreclosure may challenge the merits of the trial court's decision to grant the foreclosure. *Id.* at ¶ 18, citing *Roznowski* at ¶ 39.

**{¶ 13}** A party may also appeal the confirmation of sale. *Id.* at ¶ 18-19; *see also* R.C. 2329.31 (setting forth requirements for confirmation of sale). An appeal of the confirmation of sale "is limited to challenging the confirmation order itself and to issues related to confirmation proceedings—for example, computation of the final total amount owed by the mortgagor, accrued interest, and amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Sponaugle* at ¶ 19, citing *Roznowski* at ¶ 40.

**{¶ 14}** An appeal in a foreclosure action does not automatically operate as a stay of execution, R.C. 2505.09, and an appellant may attempt to halt the foreclosure process by obtaining a stay while the appellant pursues an appeal, *see* Civ.R. 62(B) through (E); App.R. 7(A). Typically, an appellant may obtain a stay of the foreclosure proceedings by executing a supersedeas bond to the appellee with

sufficient sureties in a sum directed by the court that issued the judgment appealed and with the conditions of bond set forth in R.C. 2505.14. R.C. 2505.09; *see also* Civ.R. 62(B) ("When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond."). As substitutes for executing a supersedeas bond, a court may order the conveyance of property or the appellant may deposit an amount of money equal to that specified for the bond with the clerk of the appropriate court. R.C. 2505.11.

{¶ 15} A stay ordinarily must be first pursued in the trial court. App.R. 7(A). If "application to the trial court for the relief sought is not practicable" or the trial court denies an application for a stay or otherwise fails to afford the requested relief, the appellant may move the appropriate court of appeals for a stay of the judgment or order pending appeal. *Id.* An appellant may also pursue an injunction pending appeal. *Id.*; Civ.R. 62(D).

{¶ 16} When a stay of the foreclosure proceedings is not obtained and the confirmation of sale and the distribution of sale proceeds come to pass, appellate courts are confronted with the question whether a pending appeal of the foreclosure action is moot and, as demonstrated in this case, have arrived at different conclusions.

B. *Applicability of R.C. 2329.45 after the distribution of sale proceeds of a foreclosure sale*

{¶ 17} Doberdruk contends that her failure to obtain a stay in the underlying foreclosure proceedings, which led to the sale of the foreclosed property to a third party and to the distribution of sale proceeds to judgment creditors, does not moot her appeal of the judgment of foreclosure, because she retains a claim for restitution. To determine the merits of her argument, we first look to the plain language of R.C. 2329.45. *See Beachwood City School Dist. Bd. of Edn. v. Warrensville Hts. City School Dist. Bd. of Edn.*, 2022-Ohio-3071, ¶ 22.

**{¶ 18}** When construing a statute, the relevant question is not "what did the general assembly intend to enact" but, rather, "what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus; *see also* R.C. 1.42. When the language of a statute is plain and unambiguous, "we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12, and apply it as written, *Summerville v. Forest Park*, 2010-Ohio-6280, ¶ 18.

**{¶ 19}** Drawing on these principles, R.C. 2329.45 plainly offers restitution as a potential remedy for an appellant who successfully appeals a judgment of foreclosure, even after the confirmation of sale and the distribution of sale proceeds. R.C. 2329.45, titled "Reversal of judgment" by the Legislative Service Commission, states:

> If a judgment in satisfaction of which lands or tenements are sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case restitution in an amount equal to the money for which such lands or tenements were sold, with interest from the day of sale, must be made by the judgment creditor. In ordering restitution, the court shall take into consideration all persons who lost an interest in the property by reason of the judgment and sale and the order of the priority of those interests.

A judgment of foreclosure constitutes "a judgment in satisfaction of which lands or tenements are sold," *id.*; *see also* R.C. 2323.07 (a court shall order sale of property when a mortgage is foreclosed or a specific lien enforced); *Sponaugle*, 2019-Ohio-2518, at ¶ 18.

**{¶ 20}** Nothing in the text of R.C. 2329.45 expressly precludes a court from ordering restitution after the proceeds of a foreclosure sale have been distributed,

and the plain language of the text instead supports the opposite view. R.C. 2329.45 applies when (1) lands or tenements are sold to satisfy a judgment, (2) the purchaser holds title to the property, which occurs after the confirmation of sale, *see* R.C. 2329.31, 2329.36, and 2329.37, and (3) a person who lost an interest in the property successfully appeals the judgment that prompted the sale. R.C. 2923.45 limits the remedy for a successful appeal to restitution of the monetary value of the property.

{¶ 21} By indicating that restitution is an available remedy after a property is sold "in satisfaction of" a judgment and that restitution "must be made by the judgment creditor," R.C. 2329.45 plainly indicates that it may apply after the distribution of proceeds of a foreclosure sale.

{¶ 22} Wells Fargo, though, contends that statutory text aside, distribution of proceeds of a foreclosure sale essentially terminates every issue raised in a pending appeal because the trial court is no longer in control of the sale proceeds. We disagree. Again, R.C. 2329.45 specifies that restitution must be made by the "judgment creditor," which undermines Wells Fargo's argument that the trial court must control the sale proceeds for restitution under R.C. 2329.45 for that statute to remain available as a remedy.

{¶ 23} Moreover, courts may generally impose restitution by court order and routinely do so in situations involving claims of unjust enrichment to recoup a benefit conferred on a party. *See Johnson v. Microsoft Corp.*, 2005-Ohio-4985, ¶ 20-21 (restitution is the remedy designed to prevent a party from retaining money or benefits that belong to another party in justice and equity, i.e., the party that is unjustly enriched). Wells Fargo does not explain as part of its argument why, in a foreclosure action, a trial court must control the sale proceeds for it to order restitution under R.C. 2329.45.

{¶ 24} Lastly, Wells Fargo contends that reading R.C. 2329.45 to provide a post-distribution restitution remedy renders stays of execution under R.C. 2505.09 or other methods "meaningless" because a foreclosure appellant "would never post

a bond." But the main purpose behind securing bond—protecting the appellee, *see* R.C. 2505.09 and R.C. 2505.14—is less of a concern during an appeal of a judgment of foreclosure under R.C. 2329.45. After the confirmation of sale and the distribution of sale proceeds, the appellee already has control of the assets or proceeds at issue. Moreover, the remedy provided in R.C. 2329.45 is limited: restitution under R.C. 2329.45 does not provide the title to the subject property to a prevailing appellant. *See* R.C. 2329.45; *Roznowski*, 2014-Ohio-1984, at ¶ 42 ("R.C. 2329.45 does not state that a sale will be invalidated" but instead protects the title of the purchaser). Obtaining a stay of execution of a judgment of foreclosure will remain a critical step for an appellant in a foreclosure action to take in order to stop the title to the subject property from transferring before the appeal is resolved.

*C. The failure to post a supersedeas bond is not a voluntary settlement of a claim that moots an appeal*

{¶ 25} The parties in this case additionally discuss whether Doberdruk's failure to post a supersedeas bond led to a voluntary "satisfaction of judgment" that renders the case moot under the principles established in *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245-246 (1990). Whether an appellant in a foreclosure action posts a supersedeas bond to obtain a stay, however, does not eliminate a court's ability to provide the appellant with relief through restitution under R.C. 2329.45.

{¶ 26} The general principle stated in *Blodgett*—that voluntary satisfaction of the judgment moots an appeal—derives from an appellate court's inability to grant any effectual relief in a pending appeal when the appellant resolves the controversy independently from the appellate court. *See Blodgett* at 245. Here, however, the controversy was not independently resolved. Doberdruk did not enter into a voluntary settlement with Wells Fargo, and a remedy remains available under R.C. 2329.45 if the judgment is reversed on appeal.

{¶ 27} Some appellate courts have equated an appellant's failure to post a supersedeas bond and obtain a stay in a foreclosure action to a *Blodgett*-like voluntary satisfaction of judgment to moot an appeal. For example, in *Bankers Trust Co. of California, N.A. v. Tutin*, the Ninth District Court of Appeals determined that an appeal in a foreclosure action was moot when, absent a stay, the foreclosed property had been sold at a sheriff's sale and the trial court had confirmed the sale. 2009-Ohio-1333, ¶ 15-16 (9th Dist.).

{¶ 28} In the Ninth District's view, the controversy in the foreclosure appeal was extinguished because the distribution of sale proceeds resulted in the satisfaction of judgment, which removed the subject matter of the case from the court's control, and the court could therefore no longer "afford relief to the parties to the action." *Id.* at ¶ 16. The court explained that restitution under R.C. 2329.45 could not be ordered after the distribution of sale proceeds, because "there is no language in the statute to justify such a construction," *id.*, and the remedy of restitution is available only when "the proceeds of the sale are still held under the jurisdiction and control of the court," *id.* at ¶ 15; *see also U.S. Bank Trust Natl. Assn. v. Janossy*, 2018-Ohio-2228, ¶ 7 (8th Dist.) ("the application of the [foreclosure-sale] proceeds to the debt" was "in satisfaction of the judgment upon the note" and, in accordance with *Blodgett*, 49 Ohio St.3d 243, the appellant's appeal of a judgment of foreclosure was therefore moot).

{¶ 29} But the Ninth District and others adopting a similar analysis have misapplied the relevant test of mootness—whether a remedy remains available. The statutory scheme relevant in this case supplies a limited remedy after "a judgment *in satisfaction of which* lands or tenements are sold" (emphasis added), R.C. 2329.45. R.C. 2329.45 says nothing about an appellant's ability to secure a stay, and as we previously determined, a trial court may grant an appellant restitution under R.C. 2329.45 after the distribution of sale proceeds of a foreclosure sale to remedy an improper foreclosure. And when a court can provide

effectual relief by a favorable judgment on appeal, the lack of a stay "has no bearing" on the question of mootness. *Maurent*, 2025-Ohio-5002, at ¶ 17.

### D. Doberdruk's appeal

{¶ 30} We answer the two-part certified-conflict question as follows: (1) no, an appeal of a judgment of foreclosure is not moot after the distribution of sale proceeds when an appellant filed a motion requesting a stay of the foreclosure proceedings but could not post the supersedeas bond, and (2) yes, an appeal is not moot after the distribution of sale proceeds, because R.C. 2329.45 provides the appellant with the remedy of restitution after such distribution. Doberdruk's propositions of law correspond to the certified question and likewise have merit.

{¶ 31} Applied here, Doberdruk's failure to execute a supersedeas bond and the subsequent distribution of proceeds of the foreclosure sale did not extinguish the remedy of restitution under R.C. 2329.45, which, if warranted, may still provide Doberdruk a favorable judgment. Consequently, Doberdruk's appeal is not moot. *See Miner*, 82 Ohio St. at 238-239; *Maurent*, 2025-Ohio-5002, at ¶ 2.

### III. CONCLUSION

{¶ 32} Because R.C. 2329.45 plainly avails restitution after the distribution of proceeds of a foreclosure sale to remedy an improper foreclosure, the Eighth District Court of Appeals erred in concluding Doberdruk's appeal is moot and dismissing the appeal. The judgment of the Eighth District dismissing Doberdruk's appeal is reversed, and the case is remanded to that court for resolution on the merits.

Judgment reversed
and cause remanded.

_____

McGlinchey Stafford and Stefanie L. Deka, for appellee.

DannLaw, Andrew M. Engel, and Marc E. Dann; and Law Office of Grace M. Doberdruk and Grace Doberdruk, for appellant.

12

Legal Aid of Southeast and Central Ohio and Patrick W. Skilliter, urging reversal for amicus curiae Legal Aid of Southeast and Central Ohio.

Legal Aid Society of Southwest Ohio and Matthew T. Fitzsimmons, urging reversal for amicus curiae Legal Aid Society of Southwest Ohio.

Legal Aid Society of Cleveland and Matthew L. Alden, Barbara R. Barreno-Paschall, Melissa L. Salamon, and Bilal R. Mozaffer, urging reversal for amicus curiae Legal Aid Society of Cleveland.

Advocates for Basic Legal Equality and Paul Redrup, urging reversal for amicus curiae Advocates for Basic Legal Equality.

Legal Aid of Western Ohio and Patricia Y. Hernandez, urging reversal for amicus curiae Legal Aid of Western Ohio.

Community Legal Aid Services, Inc., and Rachel E. Nader, urging reversal for amicus curiae Community Legal Aid Services, Inc.

_____